**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| TEXAS ENVIRONMENTAL JUSTICE ADVOCACY SERVICES, CALIFORNIA COMMUNITIES AGAINST TOXICS, ENVIRONMENTAL INTEGRITY PROJECT, LOUISIANA ENVIRONMENTAL ACTION NETWORK, RISE ST. JAMES, and SIERRA CLUB, <br><br> *Plaintiffs*, <br><br> v. <br><br> MICHAEL S. REGAN, in his official capacity as Administrator, United States Environmental Protection Agency, <br><br> *Defendant*. | Civil Action No. 1:20-cv-03733-RJL <br><br> **CONSENT DECREE** |

## **CONSENT DECREE**

WHEREAS, on December 18, 2020, Plaintiffs Texas Environmental Justice Advocacy Services, California Communities Against Toxics, Environmental Integrity Project, Louisiana Environmental Action Network, RISE St. James, and Sierra Club (collectively "Plaintiffs") filed the above-captioned matter against the Administrator of the United States Environmental Protection Agency in his official capacity ("EPA" or "Defendant"),[1] *see* Compl. (ECF No. 1);

WHEREAS, Plaintiffs allege that EPA has failed to undertake certain non-discretionary duties under the Clean Air Act ("CAA" or "the Act"), 42 U.S.C. §§ 7401–7671q, and that such alleged failure is actionable under CAA section 304(a)(2), 42 U.S.C. § 7604(a)(2), *see* Compl. ¶¶ 1, 9;

---

[1] Michael S. Regan is automatically substituted as the defendant. *See* Fed. R. Civ. P. 25(d).

1

WHEREAS, Plaintiffs allege that EPA failed to perform its obligations under CAA section 111(b), 42 U.S.C. § 7411(b), to "review and, if appropriate, revise" the New Source Performance Standards ("NSPS") or to promulgate a determination that revision "is not appropriate in light of readily available information on the efficacy of such standard[s]" for four categories of synthetic organic chemical manufacturing industry ("SOCMI") stationary sources, 40 C.F.R. Part 60, Subparts III, NNN, RRR, VV, and VVa, at least every 8 years, *see* Compl. ¶¶ 55–63, 124–25;

WHEREAS, Plaintiffs allege that EPA failed to perform its obligations under CAA section 112(d)(6), 42 U.S.C. § 7412(d)(6), to "review, and revise as necessary (taking into account developments in practices, processes, and control technologies)" the National Emission Standards for Hazardous Air Pollutants ("NESHAP") for SOCMI source categories regulated under the Hazardous Organic NESHAP Rule ("HON" or "HON Rule"), 40 C.F.R. Part 63, Subparts F, G, H, and I, within 8 years of the promulgation of such standards, *see* Compl. ¶¶ 37–48, 54, 120–121;

WHEREAS, the relief requested in the Complaint includes, among other things, an order from this Court to establish a date certain by which EPA must fulfill its alleged obligations under CAA sections 111(b)(1) and 112(d)(6), *see* Compl. 31, 32;

WHEREAS, apart from this action, Plaintiffs submitted an administrative petition requesting, among other things, that EPA conduct a second residual risk review rulemaking of the HON under CAA section 112(f)(2) to identify and address any remaining health or environmental risks after the application of the CAA section 112(d) standards and a review rulemaking for the SOCMI NSPS (40 C.F.R. Part 60, Subparts III, NNN, RRR, & VVa) pursuant to CAA section 111(b);

WHEREAS, on September 15, 2021, EPA partially granted Plaintiffs' administrative petition for rulemaking and stated its intention "to conduct a human health risk assessment concurrently with the section 112(d)(6) technology review" agreed to below "and, based on the

results of this risk assessment, to take appropriate action to ensure that the standards in the HON continue to provide an ample margin of safety to protect public health";

WHEREAS, on September 15, 2021, EPA partially granted Plaintiffs' administrative petition and stated its intention to review and, if appropriate, revise the SOCMI NSPS (40 C.F.R. Part 60, Subparts III, NNN, RRR, & VVa) following the procedure outlined by CAA section 111(b) on the same schedule as agreed to below for the section 112(d)(6) rulemaking;

WHEREAS, the Parties have agreed to a settlement of this action without admission of any issue of fact or law, except as expressly provided herein;

WHEREAS, the Parties, by entering into this Consent Decree, do not waive or limit any claim, remedy, or defense, on any grounds, related to any final EPA action;

WHEREAS, the Parties consider this Consent Decree to be an adequate and equitable resolution of all the claims in this matter and therefore wish to effectuate a settlement;

WHEREAS, it is in the interest of the public, Plaintiffs, EPA, and judicial economy to resolve this matter without protracted litigation;

WHEREAS, the Court, by entering this Consent Decree, finds that the Consent Decree is fair, reasonable, in the public interest, and consistent with the CAA;

NOW THEREFORE, before the taking of testimony, without trial or determination of any issues of fact or law, and upon the consent of the Parties, it is hereby ordered, adjudged, and decreed that:

1.  This Court has jurisdiction over the CAA sections 111(b)(1) and 112(d)(6) claims set forth in the Complaint and may order the relief contained in the Consent Decree. Venue is proper in the United States District Court for the District of Columbia.

2.  For the NSPS for SOCMI under 40 C.F.R. Part 60, Subparts III, NNN, RRR, and VVa:

  a. No later than December 16, 2022, EPA shall review the NSPS under section 111(b)(1)(B) and sign either: (A) a proposed rule containing revisions to the NSPS; or (B) a proposed determination not to revise the NSPS.

  b. No later than March 29, 2024, EPA shall sign either: (i) a final rule containing revisions to the NSPS under section 111(b)(1)(B) of the Act, 42 U.S.C. § 7411(b)(1)(B); or (ii) a final determination under section 111(b)(1)(B) not to revise the NSPS.

3. For the SOCMI source categories regulated under the HON Rule, 40 C.F.R. Part 63, Subparts F, G, H, and I:

  a. No later than December 16, 2022, EPA shall sign a proposed rule containing all "necessary" revisions (taking into account developments in practices, processes, and control technologies) to Subparts F, G, H, and I under section 112(d)(6) of the Act, 42 U.S.C. § 7412(d)(6).

  b. No later than March 29, 2024, EPA shall sign a final rule promulgating all "necessary" revisions (taking into account developments in practices, processes, and control technologies) to Subparts F, G, H, and I under section 112(d)(6) of the Act, 42 U.S.C. § 7412(d)(6).

4. Upon signing any of the documents described in Paragraphs 2–3, the appropriate EPA official shall, within fifteen (15) business days of signature, forward each such document to the Office of the Federal Register for review and publication in the *Federal Register*. Following such delivery to the Office of the Federal Register, EPA shall not take any action (other than is necessary to correct any typographical errors or other errors in form) to delay or otherwise interfere with the publication of each such notice in the *Federal Register*.

5. Within seven (7) business days after forwarding the documents described in Paragraphs 2–3 to the Office of the Federal Register, EPA shall send copies of such documents to Plaintiffs.

6. The deadlines set forth in Paragraphs 2–3 hereof may be extended (a) by written stipulation of the Parties with notice to the Court, or (b) by the Court following motion of EPA for good cause shown pursuant to the Federal Rules of Civil Procedure, and upon consideration of any response by Plaintiffs and any reply by EPA. Any other provision of this Consent Decree also may be modified by the Court following motion of an undersigned party for good cause shown pursuant to the Federal Rules of Civil Procedure and upon consideration of any response by a non-moving party and any reply.

7. The Parties shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

8. Except as provided herein, nothing in this Consent Decree shall be construed to limit or modify any discretion accorded to EPA by the CAA or by general principles of administrative law in taking the actions that are the subject of this Consent Decree, including the discretion to alter, amend, or revise any final actions promulgated pursuant to this Consent Decree. EPA's obligation to perform each action specified in this Consent Decree does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

9. Nothing in this Consent Decree shall be construed to confer upon this Court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Courts of Appeals pursuant to CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1). Nothing in the terms of this Consent Decree shall be construed to waive, limit, or modify any remedies, rights to seek judicial review, or defenses the Parties may have under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1).

10. Any notices required or provided for by this Consent Decree shall be in writing, via electronic mail or other means, and sent to the following (or to any new address of counsel as filed and listed in the docket of the above-captioned matter, at a future date):

   a. For Plaintiffs Texas Environmental Justice Advocacy Services, California Communities Against Toxics, Louisiana Environmental Action Network, RISE St. James, and Sierra Club:

   Emma Cheuse
   Kathleen Riley
   Adam Kron
   Earthjustice
   1001 G St. NW, Suite 1000
   Washington, D.C. 20001
   Email: echeuse@earthjustice.org
   Email: kriley@earthjustice.org
   Email: akron@earthjustice.org

   b. For Plaintiff Environmental Integrity Project:

   Eric Schaeffer
   Environmental Integrity Project
   1000 Vermont Ave. NW, Suite 1100
   Washington, D.C. 20005
   Email: eschaeffer@environmentalintegrity.org

   c. For Defendant EPA:

   Elliot Higgins
   U.S. Department of Justice
   Environment and Natural Resources Division
   Environmental Defense Section
   P.O. Box 7611
   Washington, D.C. 20044
   Email: elliot.higgins@usdoj.gov

11. The obligations imposed on EPA under this Consent Decree can only be undertaken using appropriated funds legally available for such purpose. No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that EPA

obligate funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable statute.

12.     The Parties recognize that the possibility exists that a lapse in the appropriations that fund EPA could delay compliance with the timetables in this Consent Decree. If a lapse in appropriations for EPA occurs within one hundred twenty (120) days before any deadline in this Consent Decree, that deadline shall be automatically extended one day for each day of the lapse in appropriations. Nothing in this paragraph shall preclude EPA from seeking an additional extension through stipulation of the Parties or modification of this Consent Decree under Paragraph 6.

13.     The Parties agree that this Consent Decree shall constitute a complete and final settlement of all claims in the Complaint.

14.     In the event of a dispute between the Parties concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing party shall provide the other party with a written notice outlining the nature of the dispute and requesting informal negotiations. The Parties shall meet and confer to attempt to resolve the dispute. If the Parties cannot reach an agreed-upon resolution within fifteen (15) business days after receipt of the notice, any party may move the Court to resolve the dispute.

15.     No motion or other proceeding seeking to enforce this Consent Decree or for contempt of court shall be filed unless the procedure set forth in Paragraph 14 has been followed.

16.     The deadline for filing a motion for Plaintiffs' costs of litigation (including reasonable attorneys' fees) for activities performed prior to entry of the Consent Decree is hereby extended until ninety (90) days after this Consent Decree is entered by the Court. During this period, the Parties shall seek to resolve informally any claim for costs of litigation (including reasonable attorneys' fees), and if they cannot, Plaintiffs will file a motion for costs of litigation

(including reasonable attorneys' fees) or a stipulation or motion to extend the deadline to file such a motion. EPA reserves the right to oppose any such request.

17. The Court shall retain jurisdiction to determine and effectuate compliance with this Consent Decree, to resolve any disputes thereunder, and to consider any requests for costs of litigation (including reasonable attorneys' fees). After publication of notice in the *Federal Register* for the rules described in Paragraphs 2–3 and resolution of Plaintiffs' claim for costs of litigation, including attorneys' fees, EPA may move to have this Consent Decree terminated. Plaintiffs shall have thirty (30) days in which to respond to such a motion, unless the Parties stipulate to a longer time for Plaintiffs to respond.

18. If for any reason the Court declines to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of either Party and the Proposed Consent Decree's terms may not be used as evidence in any litigation between the Parties.

19. The Parties treat this Consent Decree as jointly drafted, and any rules of construction that construe any ambiguities in this document against the drafting party shall be inapplicable in any dispute concerning the interpretation of this Consent Decree.

20. The Parties agree and acknowledge that before this Consent Decree can be finalized and entered by the Court, EPA must provide notice of this Consent Decree in the *Federal Register* and an opportunity for public comment pursuant to CAA section 113(g), 42 U.S.C. § 7413(g). After this Consent Decree has undergone notice and comment, the Administrator and/or the Attorney General, as appropriate, shall promptly consider any written comments in determining whether to withdraw or withhold their consent to this Consent decree, in accordance with CAA section 113(g). If the Administrator and/or the Attorney General do not elect to withdraw or withhold consent, EPA shall promptly file a motion that requests that the Court enter this Consent Decree.

21.     This Consent Decree applies to, is binding upon, and inures to the benefit of the Parties (and their successors, assigns, and designees).

22.     The undersigned representatives of Plaintiffs and Defendant EPA certify that they are fully authorized by the party they represent to consent to the Court's entry of the terms and conditions of this Consent Decree.

SO ORDERED on this 24th day of February, 2022.

_____
Richard J. Leon
United States District Judge

COUNSEL FOR PLAINTIFFS:

Dated: February 18, 2022

By: /s/ *Adam Kron*
EMMA C. CHEUSE, D.C. Bar No. 488201
KATHLEEN RILEY, D.C. Bar No. 1618580
ADAM KRON, D.C. Bar No. 992135
Earthjustice
1001 G St. NW, Suite 1000
Washington, D.C. 20001
(202) 745-5220
(202) 745-5227
(213) 766-1093
echeuse@earthjustice.org
kriley@earthjustice.org
akron@earthjustice.org

*Counsel for Plaintiffs Texas Environmental Justice Advocacy Services, California Communities Against Toxics, Louisiana Environmental Action Network, RISE St. James, and Sierra Club*

Dated: February 18, 2022

By: /s/ *Eric Schaeffer*
ERIC V. SCHAEFFER, D.C. Bar No. 427669
Environmental Integrity Project
1000 Vermont Avenue NW, Suite 1100
Washington, DC 20005
(202) 263-4440
eschaeffer@environmentalintegrity.org

*Counsel for Plaintiff Environmental Integrity Project*

10

COUNSEL FOR DEFENDANT:

Dated: February 18, 2022

                        TODD KIM
                        Assistant Attorney General
                        Environment and Natural Resources Division

By:   /s/ *Elliot Higgins*
       ELLIOT HIGGINS
       U.S. Department of Justice
       Environment and Natural Resources Division
       Environmental Defense Section
       P.O. Box 7611
       Washington, DC 20044
       Telephone: (202) 598-0240
       Fax: (202) 514-8865

       *Counsel for Defendant Michael S. Regan, in his official capacity as Administrator, United States Environmental Protection Agency*

Of counsel:

Mike Thrift
Office of the General Counsel
U.S. Environmental Protection Agency
Air and Radiation Law Office, Mail Code 2344-A
1200 Pennsylvania Ave., NW
Washington, D.C. 20460


Amy Branning
Office of the General Counsel
U.S. Environmental Protection Agency
Air and Radiation Law Office, Mail Code 2344-A
1200 Pennsylvania Ave., NW
Washington, D.C. 20460